# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:02-CV-385-RJC-DCK

| | |
|---|---|
| ASPEX EYEWEAR, INC., et. al., | ) |
| Plaintiffs, | ) |
| v. | ) **MEMORANDUM AND RECOMMENDATION** |
| UNITED SYNTEK CORPORATION, d/b/a Jonathan Cate Eyewear, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Summary Judgment" (Document No. 33) and "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 34), filed November 1, 2005; "Plaintiffs' Opposition To Defendant's Motion For Summary Judgment" (Document Nos. 36, 37), filed November 15, 2005; and "Defendant's Reply To Plaintiffs' Opposition To Motion For Summary Judgment" (Document No. 41), filed December 1, 2005. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Honorable Robert J. Conrad Jr.'s "Referral Order" (Document No. 47), filed January 31, 2007. This motion is ripe for disposition.

Having carefully considered the papers, the record, applicable authority and the arguments of the parties at a Status and Motions Hearing on July 17, 2007, the undersigned will respectfully recommend that Defendant's motion be <u>denied</u>.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case was transferred to the Western District of North Carolina from the Southern District of New York on September 16, 2002. At issue is Defendant's alleged infringement of U.S.

Patent No. RE 37,545 ("the '545 patent"). The '545 patent is a reissue of U.S. Patent No. 5,568,207 ("the '207 patent"). The '207 patent was issued in October 1996 with two claims. The '545 patent was reissued in February 2002 bringing forward the two claims of the '207 patent and adding claims 3-34. The patents in dispute involve eyeglasses, and specifically, magnetically attached auxiliary frames.

On October 29, 2003, this Court granted the parties' "Joint Motion For Stay Of Discovery Period" (Document No. 17) pending settlement and/or the results of an appeal of a Southern District of Florida case - Aspex Eyewear, Inc. et al. v. Concepts in Optics, Inc., Case No. 00-7067 - to the Federal Circuit. On August 12, 2004, the Federal Circuit issued its opinion in Aspex Eyewear, Inc. v. Concepts in Optics, 111 Fed.Appx. 582 (2004). On September 13, 2004, this Court issued an "Order ..." (Document No. 27) granting the parties' "Joint Status Report, Request To Terminate The Stay Of Discovery And Motion For Revised Pre-trial Scheduling Order" (Document No. 26) and setting September 6, 2005 as the date for "Discovery Period Completion." On January 27, 2005 the Court *sua sponte* scheduled this case for trial March 20, 2006.

On April 29, 2004, the "Parties' Joint Motion For Extension Of Deadlines Contained In The Court's September 13, 2004 Order" (Document No. 29) requesting additional time for discovery was filed, noting on-going settlement negotiations. The parties joint motion described

> there are also outstanding request for documents and for updated documents and interrogatory answers reflecting changes since the original documents and interrogatories were exchanged. In addition, there are outstanding notices of deposition. To allow the Parties time to update the existing discovery and correct any deficiencies, as well as allow time for depositions, the Parties hereby request that the Court approve the following revised schedule....

Among other changes, the parties' proposed the "Discovery Period Completion" date be moved to October 7, 2005. The Court granted the parties' motion. ( See Document No. 30).

The parties again requested an extension in their "Parties' Joint Motion For Extension Of Deadlines Contained In The Court's May 2, 2005 Order" (Document No. 31) filed on August 2, 2005. This motion also referenced good faith attempts to settle the matter and stated that the parties had failed to come to agreement in time to meet deadlines. Like Document No. 29, this joint motion also noted that additional time was needed to update existing discovery, correct deficiencies and allow time for depositions. The Court again granted the parties' joint motion and extended the discovery deadline to November 7, 2005. (See Document No. 32).

On November 1, 2005, the Defendant filed its "...Motion For Summary Judgment" (Document No. 33). Three days later Plaintiffs filed their "Combined Motion For Extension Of Deadlines ... And Motion to Compel Discovery" (Document No. 35) principally asserting that promised discovery had not been produced by Defendant and depositions had not been completed.

By oral Order at a Status and Motions Hearing on July 17, 2007, the undersigned granted "Plaintiffs' Combined Motion For Extension Of Deadlines ... And Motion to Compel Discovery" (Document No. 35) and required the parties to submit a new proposed scheduling order to the Court. At that hearing, the Court heard the parties arguments on the pending motion for summary judgment and the undersigned is now prepared to issue a decision on that motion.

## II. STANDARD OF REVIEW

The standard of review is familiar. Summary Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c)

A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As this Court has previously explained,

> Defendant as the moving party has the initial burden to show a lack of evidence to support Plaintiff's case. If this showing is made, the burden then shifts to the Plaintiff who must convince the Court that a triable issue does exist. Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]."

Boggan v. Bellsouth Telecomms., Inc., 86 F.Supp. 2d 545, 547 (W.D.N.C., 2000) (citations omitted).

The non-moving party opposing summary judgment "may not rest upon the mere allegation or denials of his pleading, but his response ... must set forth specific facts showing there is a genuine issue for trial. Anderson, 477 U.S. at 248.

### III. DISCUSSION

The undersigned finds the motion for summary judgment premature and will recommend that it thus be denied without prejudice to be refiled after the completion of discovery in this case. By separate Order the undersigned will issue a revised Pretrial Order and Case Management Plan to govern the balance of the case's schedule.

It is widely accepted that summary judgment should not issue until both sides have had adequate opportunity to conduct discovery. Noting the long history of this case and its numerous delays, some for good cause and others more questionable, the undersigned is convinced that more discovery is necessary to clarify the issues and give the Court the best information available to reach a just resolution. The procedural history itself is convincing in that the parties *jointly* filed for

several extensions describing their need for additional time to update discovery, correct deficiencies and to complete depositions.

The Supreme Court has noted "[i]n our view, the plain language of Rule 56(c) mandates the entry of summary judgment, **after adequate time for discovery** and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (emphasis added). Other courts have appropriately followed suit and affirmed this view: "[a] court should deny summary judgment when the nonmoving party has not had the opportunity to conduct discovery into matters raised in the motion." LG Electronics, Inc., v. Everex Systems, 2000 U.S. Dist. LEXIS 20317, *7 (E.D.Va. 2000) (citing Fed.R.Civ.P. 56(f) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)); see also Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) ("the requirement that the non-moving party respond specifically to a summary judgment motion is qualified by Rule 56(f)'s requirement that 'summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition'"); Temkin v. Frederick County Comm'rs, 945 F.2d 716, 719 (4th Cir. 1991) ("Summary judgment may only be entered after 'adequate time for discovery.'"); Opryland USA, Inc. v. Great American Music Show, Inc., 970 F.2d 847, 852 (Fed.Cir. 1992) (same).

Federal Rule of Civil Procedure 56(f) provides:

> [s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f).

Counsel for the Plaintiff, Matthew C. Wagner, submitted an affidavit (Document No. 38) pursuant to Fed.R.Civ.P. 56(f), alleging that depositions were noticed in this case, then cancelled and never rescheduled. Mr. Wagner contends that Plaintiff must have adequate discovery including the deposition of Jonathan Cate to effectively oppose the motion for summary judgment. Mr. Wagner's declaration is consistent with the record of the case.

> The cases construing Rule 56(f) suggest that the denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. Summary denial is especially inappropriate where the material sought is also the subject of outstanding discovery requests.

VISA International Service Assoc. v. Bankcard Holders of America, 784 F.2d 1472, 1475 (4th Cir. 1986).

Plaintiffs' papers, and arguments at the hearing, have failed to convince the undersigned that the discovery the parties jointly and repeatedly requested extensions to conduct, was ever completed. The undersigned declines to assign blame for the failure, but regardless of fault, a just resolution on the merits in this case requires that the parties be allowed time to complete any necessary discovery. To that end, by separate Order the undersigned will file a new Pretrial Order and Case Management Plan based on the jointly prepared proposed scheduling order of the parties.

Another recent decision in this District on similar facts reached a similar conclusion:

> the better application of the discretion of the court would be to grant the plaintiffs' motion and to provide the plaintiffs with time to complete discovery as was described by their attorney at the hearing. To deny the plaintiffs' motion could be considered as an abuse of discretion. This court considers the better choice would be to get all

> discovery completed so that other rulings can be made based upon all of the evidence. The court will extend the period of discovery in this matter .... This extension should give the plaintiffs an opportunity to make full discovery.

Stellar Ins. Group, Inc. v. Cent. Cos., LLC, No. 04-1739, 2007 U.S. Dist. LEXIS 42737 at *11 (W.D.N.C. June 12, 2007) citing Webster v. Rumsfeld, 156 Fed. Appx. 571 (4th Cir. 2005).

Importantly, the undersigned also finds that Defendant has not met its burden to show that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law at this stage of the litigation. Viewing the evidence in the light most favorable to the non-moving party, Defendant has not established that a reasonable juror could not find for Plaintiff.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion For Summary Judgment" (Document No. 33) be **DENIED WITHOUT PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D. N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

<u>The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED**.

Signed: August 24, 2007

David C. Keesler
United States Magistrate Judge