**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:02cv385**

| | | |
|---|---|---|
| **ASPEX EYEWEAR, INC. and** | ) | |
| **CONTOUR OPTIK, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED SYNTEK CORPORATION** | ) | |
| **and JONATHAN CATE, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for

Summary Judgment [Doc.33] pursuant to the Defendants' timely filed

objections to the Memorandum and Recommendation of United States

Magistrate Judge David Keesler wherein it was recommended that the

Motion be denied.  Pursuant to 28 U.S.C. §636 and the Court's Order of

January 13, 2007 [Doc.47], the Court referred the Defendants' Motion for

Summary Judgment to the Magistrate Judge for a recommendation as to

disposition.  Having conducted a *de novo* review of those portions of the

1

recommendation to which specific objections were filed, the recommendation is adopted and the Defendants' motion is denied. 28 U.S.C. §636(b); Fed.R.Civ.P. 72.

After the Memorandum and Recommendation was filed, the Plaintiffs moved for leave to file a supplemental or amended Complaint.[1] [Doc.60]. The Plaintiffs sought to add certain transactions which had occurred during the pendency of the action and to remove Manhattan Design Studio as a named plaintiff. [Id., at 1-2]. No response to that motion was filed by the Defendants. On January 14, 2008, the Plaintiffs filed a second motion to amend the Complaint. [Doc.65]. That motion sought to add Jonathan Cate, Inc. as a named defendant and to remove the designation of "d/b/a Jonathan Cate Eyewear." [Id]. Through discovery conducted after entry of the Memorandum and Recommendation, Plaintiffs allege they learned that United Syntek conducts business through this corporation, as opposed to previous designation of "d/b/a Jonathan Cate Eyewear," and that the

---

[1] On the same day that the Magistrate Judge entered his Memorandum and Recommendation, he entered a new scheduling order in response to the parties' proposed scheduling order. Doc.59]. In that Order, the deadline for filing amended and/or supplemental pleadings was extended through August 31, 2007. [Id]. Thus, this motion by the Plaintiff was timely under the terms of that Order.

corporation, Jonathan Cate, Inc., had been formed since this action was commenced.[2] [Id].  As a result, Plaintiffs sought to name that corporation as a party. [Id].  According to the motion, United Syntek did not oppose the addition of this party defendant; and, in fact, no response to that motion was filed by the Defendant.  The Court therefore finds that both motions should be granted and the caption of this case has been corrected to reflect the relief sought.

On January 29, 2008, the Plaintiffs moved to strike as untimely a supplemental expert report. [Doc.66].  Response to that motion was timely filed on February 15, 2008.

On February 19, 2008, the Defendant United Syntek moved to compel discovery. [Doc.70].  The time for response to that motion has not yet expired; however, response is unnecessary.

## PROCEDURAL HISTORY

On September 16, 2002, this matter was transferred to this District by consent of the parties from the United States District Court for the

_____

[2]Since this information was discovered after the August 31, 2007 deadline and the motion was unopposed, the Court does not find that timeliness is an issue.

Southern District of New York. [Doc.1].  In the Complaint, filed in that Court

on March 15, 2002, the Plaintiffs allege that the Defendants infringed their

patent, United States Patent No. RE37,545 (the '545 Patent) for auxiliary

lenses for eyeglasses. [Doc.1-2].  Specifically, the Plaintiffs allege that the

Defendants infringed their patent by "offering for sale and selling magnetic

eyeglass frames and auxiliary frames that can function as a sunglass

attachment to the primary frame as described and claimed in the '545

Patent[.]" [Id., at ¶12].  The Plaintiffs seek a declaration of infringement, an

injunction from such infringement and damages. [Id., at 5].

On October 25, 2002 after the case was transferred to this Court, the

Defendants answered and asserted a counterclaim for a declaration of

non-infringement of the '545 Patent. [Doc.2].  In addition, the Defendants

own United States Patent No. 6,164,774 (the '774 Patent) entitled

"Eyeglasses with Magnetic Attachment Lenses" and they claim that the

Plaintiffs infringed their patent by the design and sale of their products. [Id.,

at 4-5].  As a result, the Defendants asserted a second counterclaim for a

declaration of infringement, an injunction from such infringement and

damages. [Id].

The history of the fits and starts with which this case has proceeded

is painfully convoluted, but is necessary to an understanding of the issues presently before the Court. The Initial Pretrial Order was entered in this case on March 7, 2003 setting a discovery deadline of February 27, 2004 and a motion deadline of April 16, 2004. [Doc.9]. On October 27, 2003, the parties jointly moved to stay discovery pending the resolution of Aspex Eyewear, Inc., *et. al.* v. Concepts in Optics, Inc., Civil Case No. 00-7067 in the Southern District of Florida (the Florida Litigation). [Doc.17]. In the Florida Litigation, the District Court found that certain claims of the '545 Patent were invalid, and it certified the decision for immediate appeal. [Id.] As a result, the parties moved to stay discovery in *this* action so that they might explore a settlement. [Id., at 4-5]. That motion was granted and this case was stayed for a ninety day period. [Doc.18].

On January 29, 2004, the parties jointly moved for another stay of the action for a six month period. [Doc.20]. That motion was granted as well. [Doc.21]. In September 2004, the parties advised the Court that the appeal had been decided by the Federal Circuit, which found that the '545 Patent was valid, and as a result, the stay should be lifted. [Doc.26]. The parties also moved jointly to extend all pre-trial deadlines. [Doc.26]. The Court granted that motion as well and set a discovery deadline for

September 6, 2005 with motions due on October 25, 2005. [Doc.27].

On April 29, 2005, the parties filed yet another joint motion to extend the deadlines in this case. [Doc.29]. On May 3, 2005 the discovery deadline was extended through October 7, 2005 with motions due on November 15, 2005. [Doc.30].

On August 2, 2005 the parties jointly filed for another extension and, once again, it was granted. [Docs.31 and 32]. Discovery was now to be concluded by November 7, 2005 with motions due on December 15, 2005. [Id.] Moreover, the parties represented to the Court that settlement negotiations remained on-going and requested an extension of the mediation deadline until February 1, 2006. That request was granted as well. [Id.]

Despite these representations, on November 1, 2005, before discovery was completed or mediation had occurred, the Defendant filed the pending Motion for Summary Judgment. [Doc.33]. Three days later, the Plaintiffs moved to compel discovery and for another extension of time within which to complete discovery, claiming that the Defendant had failed to produce documents and to specify dates for depositions. [Doc.35]. The Defendant filed a heated response opposing that motion on November 18,

2005 [Doc.40]; however, the parties then filed a joint motion to extend the mediation deadline on January 31, 2006. [Doc.43]. Based on the parties' agreement, the Magistrate Judge extended the mediation completion date to a period of 120 days after his ruling on the motion to compel. [Doc.44].

The Motion for Summary Judgment remained pending before the District Court until January 31, 2007 when the Court specifically referred that motion to the Magistrate Judge for a recommendation. [Doc.47]. The Magistrate Judge scheduled the matter for a hearing; however, the parties moved jointly to continue that hearing, resulting in another delay. [Docs.50 and 51]. When the hearing took place, the Magistrate Judge orally granted the Motion to Compel and required the parties to submit a joint scheduling order. Based on their proposal, the Magistrate Judge entered a new scheduling order which set the following new deadlines: (1) to amend or supplement pleadings, August 31, 2007; (2) to complete fact discovery, November 30, 2007; (3) to complete expert discovery, December 15, 2007; (4) to complete mediation, December 31, 2007; (5) to exchange disputed claim terms, January 15, 2008; (6) to file Plaintiffs' <u>Markman</u>[3] brief, February 15, 2008; and (7) to file Defendants' <u>Markman</u> brief, March 14,

---

[3]<u>Markman v. Westview Instruments, Inc.</u>, 517 U.S. 370 (1996).

2008. [Doc.59].  On the same date, the Magistrate Judge entered his

Memorandum and Recommendation regarding the Defendants' Motion for

Summary Judgment.


## DISCUSSION

**Review of the Memorandum and Recommendation.**

The Magistrate Judge concluded that the Motion for Summary

Judgment had been prematurely filed. [Doc.58 at 4].  He noted that the

parties had jointly requested numerous extensions of time within which to

complete discovery. [Id., at 4-5].  Despite the age of the case, the

Magistrate Judge pointed out that the parties had repeatedly advised that

settlement negotiations were on-going. [Id., at 2-3].  He thus found the

parties' joint motions and scheduling proposals were implicit admissions

that further discovery was necessary. [Id., at 4-5].  In opposition to the

Motion for Summary Judgment, Plaintiffs' counsel submitted an Affidavit

pursuant to Federal Rule of Civil Procedure 56(f) in which he recounted

that necessary depositions had been scheduled, cancelled and never

rescheduled. [Id., at 6].  Of particular concern was the deposition of

Jonathan Cate, apparently an executive of the Defendant corporations,

which had not occurred when the Defendants filed their Motion for

Summary Judgment.[4] [Id].  The Magistrate thus recommended denial of

the motion and entered a new scheduling order as referenced above.

The Defendants filed both general and specific objections to the

Memorandum and Recommendation.  For example, they objected to the

failure of the Magistrate Judge to recommend that Summary Judgment be

granted, to find there are no genuine issues of material fact, to enter

judgment as a matter of law in favor of the Defendants, and to find that

further discovery was unnecessary.  The Defendants, in essence, seek a

*de novo* review of the entire record.[5]

"Parties filing objections must specifically identify those findings

objected to.  Frivolous, conclusive or general objections need not be

considered by the district court."  Battle v. U.S. Parole Comm'n., 834 F.2d

419, 421 (5th Cir. 1987).  "A general objection to the entirety of the

magistrate's report has the same effects as would a failure to object.  The

_____

[4]In fact, that deposition was not taken until after the Magistrate
Judge's Memorandum and Recommendation was entered.

[5]It is significant and telling that Defendants' Memorandum in support
of their Motion for Summary Judgment is seven pages long while their
objections to the Memorandum and Recommendation are more than three
times that length.

district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991). Likewise, boilerplate objections without any citation to case law or the record do not warrant *de novo* review. Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). "In this Circuit, *de novo* review is unnecessary 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'" Hyatt v. Town of Lake Lure, 314 F.Supp.2d 562 (W.D.N.C. 2003), *affirmed* 114 Fed.Appx. 72, 2004 WL 2538207 (4th Cir. 2004); *see also*, Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988). To the extent that the Defendants filed only general objections, they are rejected.

Though the Defendants' objections are not an example of clarity, they appear to fault the Magistrate Judge for his failure to conclude that there is only one claim of the patent, Claim 23, at issue in this lawsuit. In 1996, a patent was issued to predecessors of Plaintiff Aspex for "Auxiliary Lenses for Eyeglasses," U. S. Patent No. 5,568,207 (the '207 Patent). [Doc.34-4]. The '207 Patent had two independent claims, Claim 1 and Claim 2. [Id.],

10

[Doc.61 at 3-4]. In 1998, Plaintiffs' predecessors, filed for a re-issuance of the '207 Patent and in 2002 the patent was re-issued as the '545 Patent with thirty-four claims. [Doc.34-3]. Independent claims 1 and 2 have a priority date of 1996, when the '207 Patent issued, because they are the verbatim claims of the '207 Patent. [Transcript of Hearing, July 17, 2007, Doc.61-2 at 24-25]. Claims 3 through 34 have a priority date of 2002, when the '545 Patent issued. [Id]. The Defendants argue that only one of their products is at issue in this lawsuit; only one claim of the '545 Patent could conceivably be found in that product, that is, Claim 23; and the Defendants stopped making that product before 2002 when the '545 Patent issued.[6] Thus, Defendants conclude they should be entitled to summary judgment.

Defendants' argument, however, is not supported by the pleadings, the evidence or the record as a whole. First of all, the Complaint does not limit the allegations of infringement to any particular claims of the patent or to any particular products of the Defendants. [Doc.1-2]. Defendants, however, attempted to limit this case to a dispute about only Claim 23 by

---

[6]At the hearing before the Magistrate Judge, Plaintiffs' counsel advised that "We have invoices that show sales of these products after 2002." [Transcript, Doc.61-2, at 54].

relying solely on Plaintiffs' allegedly tardy service of Responses to Requests for Admissions and Interrogatories.

On June 25, 2003, the Defendants served a Request for Admissions in which they asked the Plaintiffs to admit that "Magnetic Eyewear sold by Cate Eyewear does not infringe" either Claim 1 or Claim 2 of the '545 Patent. [Doc.62-2]. The Defendants allege that the Plaintiffs did not respond to this Request for Admissions until August 31, 2005, twenty-six months after the Requests were served. Thus, the Defendants argue, under Rule 36, because the Plaintiffs failed to respond within 30 days, they are deemed to have admitted that the product does not infringe either Claim 1 or 2 of the '545 Patent. This is quite a strident position in light of the procedural history of the case. Three joint motions for stay, several joint motions to extend discovery and agreements to defer discovery intervened between the service of the Requests and the Responses thereto. These could well have been construed as providing a different time period within which to respond. Fed.R.Civ.P. 36(a)(3) ("A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.").

On August 25, 2003, the Plaintiffs responded to the Defendants' first

set of Interrogatories. [Doc.34-2]. In Interrogatory 3, the Plaintiffs were asked to specify which of the Defendants' products infringe the '545 Patent and to identify each claim of that patent infringed by those products. [Id]. The Plaintiffs identified numerous products which infringed the patent but alleged that only Claim 23 was infringed. [Id]. Relying on this answer, the Defendants argue that it is established that only Claim 23 is at issue and thereupon assert that they are entitled to judgment as a matter of law.

What makes the Defendants' argument appear disingenuous, however, is that on September 27, 2005, well before the Defendants filed their Motion for Summary Judgment containing the above argument, the Plaintiffs supplemented their Answers to the Interrogatories with the following information:

> With respect to the second discrete subpart of this interrogatory, plaintiffs identify, *in addition to claim 23 identified in their original Answer to Interrogatory*, the following claims infringed by the Defendant's products: 1, 3, 12-17, 21, 22, 25, 26 and 32-34.

[Doc.37-4]. As such, the Plaintiffs assert that more than one product made by the Defendants infringe the '545 patent and, more importantly, also allege that those products infringe several claims other than Claim 23, including Claim 1 which has a priority date of 1996. Thus, when the Defendants argue that Plaintiffs are claiming only Claim 23 was infringed,

and only by a single product, Defendants are being less than forthright with the Court.

The Defendants go on to argue that "the Plaintiffs' Expert Report of Harry F. Manbeck ..., indicates that the <u>only</u> United Syntek product that infringes Claim 23 of the '545 Patent is model GT19746 2T48-21-140. ... United Syntek stopped any use, sale, offer for sale or importation of the Accused Product in May of 1999." [Doc.61 at 4].  On August 11, 2005, the Plaintiffs' expert witness, Harry F. Manbeck, actually opined as follows:

> I have examined the Jonathan Kate (*sic*) eyeglass devices which are listed in the attached Exhibit 4 and have compared them with the claims of the '545 patent.  Based on that analysis it is my opinion that *all of the Jonathan [C]ate devices* which are identified as Complete Sets in Exhibit D infringe *at least* claims 1, 3, 12-17, 21, 22, 25, 26, and 32-34 of the '545 patent.  The device, which is marked with the legend GT 19746 2T48-21-140, also infringes claims 4, 6, 9 and 23. The devices which are listed as Primary Frame Only infringe only claim 22.

[Expert Report of Harry F. Manbeck, Jr., dated August 11, 2005, Doc.37-3 at ¶21 (emphasis added)].  From the initiation of this lawsuit, United Syntek has been alleged to have done business under the name of Jonathan Cate Eyewear.  Mr. Manbeck identified products produced by Jonathan Cate in his expert report in addition to the one product specified by the Defendants.  Defendants make no attempt to explain this apparent

14

substantial discrepancy between the evidence and Defendants' argument.

Citing Rules 36 and 37[7], the Defendants argue in substance that they are entitled to summary judgment as a sanction for discovery violations. This argument is based, not on a failure to respond to discovery, but on what the defense perceives as untimely responses and supplementation. The record of the case shows that the position now taken by the Defendants is unreasonable.

On August 12, 2003, the United States District Court for the Southern District of Florida found Claims 1 and 17 of the '545 Patent invalid. Aspex Eyewear, Inc. v. Concepts in Optics, Inc., Civil Case No. 00-7067 (S.D.Fla. 2003), *cited in* Aspex Eyewear, Inc. v. Concepts in Optics, Inc., 111 Fed.Appx. 582 (Fed.Cir. 2004). On October 27, 2003, the parties filed a joint motion to stay discovery in which the following was stated:

The Plaintiffs and the Defendant have undertaken written

---

[7]Rule 36 provides in pertinent part: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed.R.Civ.P. 36(a)(3). Rule 37 provides in pertinent part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless.". Fed.R.Civ.P. 37(e)(1).

discovery in this case.  Both Plaintiffs and the Defendant have been served with and responded to interrogatories and requests for production of documents.  The parties have noticed depositions for each others' representatives, although no depositions have been conducted yet.

· · ·

In the present matter, *Plaintiffs allege that the Defendant has infringed the '545 Patent, <u>including claims of the '545 Patent invalidated in the Florida [Litigation] and other claims not asserted in the Florida Action</u>*, nor subject to the Florida Order.

The parties have recently begun discussion concerning settlement of this action.  The parties are in agreement that, given the Florida Order, the pending appeal of that order and the impending discovery deadlines..., the chances for an amicable settlement of the present case would be improved by a...stay of the discovery deadlines and relevant pretrial dates.

[Doc.17, at ¶¶2, 5, & 6 (emphasis provided)].  In fact, the Florida Litigation

placed Plaintiffs' counsel in a procedural quandary since he could not

assert Claims 1 and 17 in this litigation, knowing they had been declared

invalid by another court, without potentially subjecting himself to sanctions.

[Transcript, Doc.61-2 at 11-12].  The joint motion to stay the action was

granted on October 29, 2003. [Doc.18].  In that joint motion, to which the

Defendants agreed, it was disclosed that the Plaintiffs asserted more than

one claim was being infringed.  The Defendants were thus on notice in

2003 that the "Plaintiffs allege that the Defendants have infringed the '545

Patent, including claims of the '545 Patent invalidated in the Florida

16

[Litigation] and other claims not asserted in the Florida Action[.]" [Doc.17]. In fact, the Defendant *joined* in representing such to the Court for the purpose of obtaining the stay the Defendants desired.

On January 29, 2004, the parties again jointly moved to stay the case pending the resolution of the appeal of the Florida Litigation. [Doc.20]. That motion was also granted and the case was stayed for six months. On August 2, 2004, a joint status report was filed by the parties who requested another six month stay. [Doc.23]. The request was granted; however, on August 12, 2004, the Federal Circuit vacated the Florida decision and the case was remanded. Aspex Eyewear, Inc., *supra*, 111 Fed Appx 582. As a result, the parties requested a lifting of the stay and new discovery deadlines. On September 16, 2004, the Court provided a new scheduling order, allowing a full year for discovery. [Doc.27]. Two more requests for discovery extensions were granted. [Doc.30 and 32]. It is telling that prior to filing their Motion for Summary Judgment, the Defendants never moved to compel discovery. Instead, they joined in every single motion to extend discovery deadlines. The first time the Defendants raised an issue of prolonged or delayed discovery was in their Motion for Summary Judgment. In that motion, they did not seek to compel discovery but

instead to have sanctions imposed in the form of judgment for the Defendants. Defendants did so without ever having moved for discovery sanctions or having received an order compelling discovery compliance. *See, e.g.*, Bradley v. American Household, Inc., 378 F.3d 373, 379 (4th Cir. 2004) ("However, we have previously made clear 'that a Rule 37 [sanction] is effectively a criminal contempt sanction, requiring notice and the opportunity to be heard.'"); Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995) (Prior to dismissing an action for discovery violations, there must be established a history of dilatory conduct and warning to the offending party.); Freeland v. Amigo, 103 F.3d 1271, 1281 (6th Cir. 1997) (Sanction of dismissal of plaintiff's expert witness, resulting in the dismissal of the case, held reversible error where the parties had previously consensually extended discovery beyond deadlines.). Even though there may have been a delay in discovery and/or supplementation of discovery, the Plaintiffs were substantially justified in such delay based on the parties' pattern of extensions and stays and that any such delay was rendered harmless by the repeated extensions, including the last one granted by the Magistrate Judge. Fed.R.Civ.P. 37(c)(1); Southern States Rack and Fixture, Inc. v. Sherwin-Williams, 318 F.3d 592, 596 (4th Cir.

2003).[8]

The Defendants' last objection is to the Magistrate Judge's finding that Federal Rule of Civil Procedure 56(f) required the denial of the Motion for Summary Judgment. That Rule states in pertinent part: "If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may ... deny the motion[.]" Fed.R.Civ.P. 56(f)(1). In opposition to the Motion for Summary Judgment, Matthew C. Wagner, one of the Plaintiffs' attorneys, filed an affidavit in which he testified to the following:

> Plaintiffs served notices of Deposition pursuant to Fed.R.Civ.P. 30 and (30)(b)(6) for United Syntek Corporation, Jonathan Cate, Whitney Cobb and Francis M. Pinckney on June 17, 2003. The depositions were cancelled when the matter was stayed and never took place. We repeatedly asked for their discovery beginning as early as April 2005 to which defense counsel successfully strung us along.

> Prior to any depositions or supplementing their discovery response, Defendant filed this Motion for Summary Judgment on November 1, 2005. To this date, no depositions have been conducted.

---

[8]Although the Court finds the Plaintiffs were substantially justified and their conduct was harmless, it will not set forth an analysis of the five factor test set forth in Southern States. This is not a review of a motion for discovery sanctions. This is a review of a Memorandum and Recommendation denying summary judgment. The Court sees defense counsel's argument as an attempt to bootstrap into the objections a ruling on a non-existent motion for discovery sanctions.

. . .

>Based on Defendant's failure to respond adequately to Plaintiffs' requests for discovery, Plaintiff (*sic*) has been unable to investigate fully the infringing devices, the damages accrued, the extent of the infringement, and many other facts.

. . .

>Defendant relies on Jonathan Cate for providing dates of sales of some of the infringing products. Plaintiffs are entitled to take his deposition and obtain the sales records all of which has been requested of Defendant since at least April 4, 2005.

[Wagner Affidavit, Doc.38, at ¶¶9, 10, 13, 15]. The Magistrate Judge found that the affidavit showed the Plaintiffs needed to take Cate's deposition in order to oppose summary judgment.

The Defendants argue that the affidavit failed to show why the Plaintiffs could not present facts regarding infringement by affidavit. Counsel argued that "[e]ven assuming the United Syntek has 'strung along' the Plaintiffs, which it denies, those assertions do not explain why Plaintiffs are unable to submit affidavit testimony as to how United Syntek's products, all of which have been produced to Plaintiffs for over two years, infringe the patent in suit." [Doc.61, at 17-18 (emphasis in original)]. Contrary to this assertion, however, Wagner specified in his affidavit that the deposition of Cate is necessary to discover the infringing devices, the

extent of infringement involved, the amount of damages, dates of sales and sales records.

"'[T]he denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" <u>Ingle</u> <u>ex rel.</u> <u>Estate of Ingle v. Yelton</u>, 439 F.3d 191, 194 (4th Cir. 2006), *quoting* <u>VISA Int'l Serv. Ass'n. v. Bankcard Holders of America</u>, 784 F.2d 1472, 1475 (9th Cir. 1986).  The information identified by Wagner so qualifies. "[D]enial of a Rule 56(f) motion is particularly inappropriate when, as here, 'the materials sought are the object of outstanding discovery'" and "when the party opposing summary judgment is attempting to obtain necessary discovery of information possessed only by [its] opponent." *Id*., at 196-97, *citing* <u>Strag v. Board of Trustees, Craven Community College</u>, 55 F.3d 943, 954 (4th Cir. 1995); <u>Willis v. Town of Marshall</u>, 426 F.3d 251, 264 (4th Cir. 2005).  The Court therefore finds that the Defendants' objection is not well taken.

There is another reason why summary judgment at this stage would be inappropriate.  There has been no claim construction in this case.  The

Federal Circuit has "held repeatedly that [claim construction] is an indispensable first step in any invalidity analysis." Aspex Eyewear, 111 Fed. Appx. at 587. "As with all infringement and invalidity analyses, [the Court] commence[s] [its] inquiry with the construction of the claims in suit." Omega Engineering, Inc. v. Raytek Corp., 334 F.3d 1314, 1335 (Fed.Cir. 2003). "The district court therefore [would] err[] by not construing the asserted claims prior to [considering] summary judgment[.]" Aspex, *supra*.

The Court therefore rejects the objections of the Defendants. The Memorandum and Recommendation will be affirmed and the Motion for Summary Judgment will be denied.

**The Plaintiffs' Motion to Preclude.**

In his last scheduling order, the Magistrate Judge extended the deadline for expert discovery to December 15, 2007. On December 14, 2007, the Defendants served the Plaintiffs with their supplemental expert report from Edwin Zucker. The Plaintiffs have moved to preclude it as untimely, as having prejudiced them due to their inability to depose him prior to the close of discovery, and as having prejudiced them by introducing a new opinion. The Plaintiffs also claim that Zucker's

supplemental report contradicts the prior sworn testimony of Jonathan Cate.[9]

For the same reasons as stated herein, the Court finds that the parties by mutual assent extended discovery deadlines for a period of years. At some point in time, the congenial dialogue between counsel morphed into taciturn silence. While it would have been better practice for the Defendants to have disclosed the supplemental report earlier than one day before the deadline, the Court does not find that the Plaintiffs have been actually prejudiced. In fact, the Plaintiffs disclosed in a foot note that they deposed Mr. Zucker on December 20, 2007. Thus, while discovery deadlines had passed, the parties engaged in consensual discovery and the Plaintiffs have not been prejudiced.

**The Defendant's Motion to Compel.**

Not to be outdone, the Defendants moved to compel discovery, serving a seventeen page memorandum in support of the motion. As

---

[9]This is not a ground for preclusion, however, as it goes to the credibility of the respective witnesses. The cases cited by the Plaintiffs hold that a party may not defeat summary judgment by providing an affidavit which refutes his prior sworn testimony and thus are inapposite.

noted above, the discovery deadline passed on November 30, 2007. From the statements made in the motion to compel, the Defendants allege that the Plaintiffs did not fully comply with discovery prior to the deadline. The Defendants waited a full two and one-half months after that deadline to make this motion. The Defendants also admit that they requested discovery after the deadline expired. The Court will not become involved with efforts at consensual discovery after the deadlines have expired. No response from the Plaintiffs is required as the motion is denied.

**Future conduct of the parties.**

The Court finds that restraints on future filings will force the parties to focus on the remaining issues in the case. Discovery deadlines have passed and the Court will not become involved in any discovery disputes. No further filings except those presently specified in the scheduling order will be allowed absent pre-filing permission. Such permission should not be lightly sought. The parties are also cautioned that they may not attempt to circumvent this ruling by sending letters to the undersigned.

## ORDER

IT IS, THEREFORE, ORDERED that the Defendants' objections [Doc.61] to the Magistrate Judge's Memorandum and Recommendation [Doc.58] are hereby **OVERRULED** and the Defendants' Motion for Summary Judgment [Doc.33] is hereby **DENIED**.

IT IS FURTHER ORDERED that the Plaintiffs' Motion to File a Supplemental Complaint, filed August 31, 2007 [Doc.60], and their Motion to File a Second Amended Complaint, filed January 14, 2008 [Doc.65] are hereby **GRANTED**.

IT IS FURTHER ORDERED that the Defendants are deemed to have answered the supplemental and amended Complaints in accordance with its previously filed Answer with Counterclaim. In the event that the Defendants believe further response is necessary, it shall move for leave to file by motion not to exceed 5 double-spaced pages in size 14 font.

IT IS FURTHER ORDERED that the Plaintiffs' Motion to Preclude [Doc.66] is hereby **DENIED**.

IT IS FURTHER ORDERED that the Defendants' Motion to Compel [Doc.70] is hereby **DENIED**.

IT IS FURTHER ORDERED that the referral to the Magistrate Judge

is hereby **WITHDRAWN**.

     **IT IS FURTHER ORDERED** that the Defendants' <u>Markman</u> brief may not exceed 31 double-spaced pages, the same page limit as the Plaintiffs used in their <u>Markman</u> brief.  Counsel are cautioned not to use footnotes as a means of avoiding the page limits for briefs.

     **IT IS FURTHER ORDERED** that the parties are hereby prohibited from any further filings not specified in the scheduling order entered August 24, 2007, absent pre-filing permission.

     **IT IS FURTHER ORDERED** that the Clerk of Court shall set this matter for a <u>Markman</u> hearing during the April 14, 2008 three week term of Court.

Signed: March 7, 2008

Martin Reidinger
United States District Judge